R. Joseph Barton (Cal. Bar No. 212340)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave., NW
Suite 500, East Tower
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile:  (202) 408-4699

Joseph A. Creitz (Cal. Bar No. 169552)
Lisa S. Serebin (Cal. Bar No. 146312)
CREITZ & SEREBIN LLP
250 Montgomery Street, Suite 1410
San Francisco, CA 94104
Telephone: (415) 466-3090
Facsimile:  (415) 513-4475

Gregory Y. Porter (admitted *pro hac vice*)
Ryan T. Jenny (admitted *pro hac vice*)
BAILEY & GLASSER LLP
1054 31st Street, NW, Suite 230
Washington, D.C. 20007
Telephone: (202) 463-2101
Facsimile:  (202) 463-2103

Major Khan
MAJOR KHAN LLC
1120 Avenue of the Americas
Suite 4100
New York, NY 10036
Telephone: (646) 546-5664
Facsimile: (646) 546-5755

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER M. SULYMA, and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION INVESTMENT POLICY COMMITTEE, FINANCE COMMITTEE OF THE INTEL CORPORATION BOARD OF DIRECTORS, INTEL RETIREMENT PLANS ADMINISTRATIVE COMMITTEE, CHARLENE BARSHEFSKY, FRANK D. YEARY, JAMES D. PLUMMER, REED E. HUNDT, SUSAN L. DECKER, JOHN J. DONAHOE, DAVID S. POTTRUCK, RAVI JACOB, <br><br> Defendants, <br><br> and <br><br> INTEL 401(K) SAVINGS PLAN and INTEL RETIREMENT CONTRIBUTION PLAN, <br><br> Nominal Defendants. | Case No: 15-cv-04977-NC <br><br> **DECLARATION OF CHRISTOPHER M. SULYMA IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

I, Christopher M. Sulyma, hereby declare under penalty of perjury of the laws of the United States as follows:

1. I am the Plaintiff in the above-caption litigation and I submit this declaration in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

2. I was employed by Intel immediately after completing graduate school in May 2010. I began work at Intel in June 2010. Shortly after I was employed by Intel I became a participant in the Intel 401(k) Plan. During my employment, I was also a participant in the Retirement Contribution Plan.

3. I have been married to my wife, Rebecca, since October 2008. During the time that I was employed at Intel, she was my beneficiary for the Intel retirement plans.

4. Prior to the time that I became a participant in the Intel retirement plans, I had never been a participant in any other retirement plan nor did I have any other retirement savings. As I had been a student until I was employed by Intel, I also had no significant investments. At least during the time that I was employed by Intel and participated in the Intel retirement plans, I would not consider myself financially sophisticated.

5. Until the time that I contacted my counsel in this litigation, I was unaware that the monies that I had invested through the Intel retirement plans had been invested in hedge funds or private equity. I do not recall seeing any documents during my employment at Intel that alerted me to the fact that my retirement monies were significantly invested in hedge funds or private equity.

6. During the time that I was employed at Intel, I did not know whether investments in hedge funds or private was an unusual investment for target date funds.

7. During the time that I was employed at Intel, I did not know what an appropriate allocation of assets would have been for a target date fund or a diversified fund.

8. During the time that I was employed at Intel, I did not know what an appropriate fee or expense ratio was for a retirement plan the size of Intels' plans or for funds such as the target date fund or a diversified fund.

9. Prior to the time that this litigation was filed, and in order to investigate whether there were any potential claims, I submitted a request for plan documents to the Intel Retirement Plans

DECLARATION OF KATE TENENBAUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; Case No. 15-cv-04977-NC

2

Administrative Committee on January 14, 2015. A true and correct copy of this request is attached as Exhibit X.

10. I received no response to my plan document request within thirty days of receipt, as required by ERISA. After Defendants failed to respond to my request, I sent a follow-up letter on March 3, 2015, a true and correct copy of which is attached as Exhibit Y.

11. In response to my follow-up letter, I received an email from Theo Lacy, identified as Program Manager, Intel Global Retirement Benefits Office/ Human Resources, in April 2015 who provided me with a number of documents from the Plan Administrator of the Intel Plans. A true and correct copy of the list of documents provided by the Plan Administrator is attached as Exhibit Z. I provided all of the documents that I received from the Plan Administrator (as well as any prior disclosures that I had received) to my attorneys.

12. Between the time that I initially contacted my attorneys and the time that the Complaint was filed, I was aware that my attorneys were working with several experts to assist them in analyzing the facts, determining whether the investments made by the Intel plans were appropriate for retirement plans generally, target date funds and whether expressed purposes and strategies employed made sense and the implementation were consistent with the objectives. I was also aware that my attorneys retained experts to help them analyze whether the fees or expenses charged were appropriate or were excessive and whether the same strategies and goals could have been achieved for less cost and less risk.

13. Prior to the time that the initial complaint was filed, I reviewed at least one if not more than one draft of the complaint. Nearly all of the factual information contained in the complaint was information that I was not aware of during the time that I was employed at Intel.

The foregoing is true to the best of my knowledge and belief.

Executed on November 15, 2016 in Albuquerque, NM.

_____
Christopher M. Sulyma

DECLARATION OF KATE TENENBAUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; Case No. 15-cv-04977-NC

3